MINNEAPOLIS, ST. P. & S. S. M. RY. CO. v. STEVENSON.

(Circuit Court of Appeals, Eighth Circuit. August 9, 1909.)

No. 2,976.

1. RAILROADS (§ 303*) — CONTRACT FOR PRIVATE CROSSING — DEFECTIVE CONSTRUCTION.

Where a railroad company contracted with a landowner in securing right of way to build and maintain a safe and adequate crossing on the land for the owner's use, and thereafter made a crossing which remained for a year without alteration, such facts are sufficient to establish that the crossing made was intended as the one required by the contract, and the company is liable for an injury to the landowner resulting from its failure to comply with such contract by making it reasonably safe and adequate.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 959-963; Dec. Dig. § 303.*]

2. RAILROADS (§ 350*) — ACTION FOR NEGLIGENT CONSTRUCTION OF PRIVATE CROSSING—QUESTIONS FOR JURY.

In an action against a railroad company to recover for an injury to plaintiff by reason of the alleged negligence of defendant in constructing a private crossing, the question of defendant's negligence and of plaintiff's contributory negligence held properly submitted to the jury under the evidence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1154, 1168; Dec. Dig. § 350.*]

In Error to the Circuit Court of the United States for the District of North Dakota.

Alfred H. Bright (Ball, Watson, Young & Lawrence, on the brief), for plaintiff in error.

P. J. McClory (Houska & McFarline, on the brief), for defendant in error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge.   Thomas Stevenson is the owner of the N. E. ¼ of section 4, township 159, range 69, county of Rolette, N. D.   The Minneapolis, St. Paul & Sault Ste. Marie Railway Company built its line of railroad across said land in the year 1905.   This suit was brought by Stevenson against the railway company to recover damages for personal injuries received by him by reason of a breach of a certain contract, theretofore entered into between Stevenson and the railway company, in regard to the construction and keeping in repair of a private crossing over said railroad on the land above described.   The complaint alleged that the railway company had through carelessness and negligence failed to construct and keep in repair a reasonably safe crossing in accordance with its contract; that Stevenson, in attempting to use said crossing on October 23, 1906, received personal injuries which are described in the complaint.   The following allegations of the complaint are admitted by the answer of the railway company:

"That the right of way of said defendant's railway over and across said northeast quarter of section four, township one hundred and fifty-nine, range sixty-nine, was granted by said plaintiff to said defendant under a special agreement by said defendant that it would make and keep in good repair one causeway or other safe and adequate means of crossing the same on the northeast quarter of section four, township one hundred fifty-nine, range sixty-nine."

"That during the spring of 1906 the said defendant railway company constructed a crossing over its railway grade and tracks, which said crossing was constructed on the said northeast quarter of section four, township one hundred fifty-nine, range sixty-nine, as a roadway for the use and benefit of said plaintiff and the public under the agreement set forth in paragraph four of this complaint."

At the trial plaintiff recovered a verdict, and the railway company has brought the case here by writ of error.

The only error assigned is that the court erred in overruling the motion made by the defendant at the conclusion of all the evidence in the case for an instruction to the jury to return their verdict in favor of the defendant.   The motion referred to simply renewed the motion made by defendant at the close of plaintiff's evidence.   The motion made at the close of plaintiff's evidence specified two grounds as a basis for the motion:

First. That the evidence wholly failed to show any negligence on the part of the defendant causing or contributing to plaintiff's injuries.

Second. That the undisputed evidence showed that the plaintiff's injuries resulted wholly, or in part, at least, from his own negligence.

The evidence shows without contradiction that all the railway company did in the construction of a crossing in accordance with its agreement prior to October 23, 1906, was to place planks between the rails of its track on one plank on the outer side of each rail; that on the north side of the track, where said planks were laid, a borrow pit or ditch had been allowed to remain without any filling, except some stone which had been thrown therein by Stevenson.   In fact, counsel

for the railway company seek to maintain the position that the railway company had never constructed a crossing, and was therefore not liable for not maintaining it, or that it had constructed it so negligently that a man of ordinary care and prudence would not have used it. We think, however, that the admissions in the pleadings, taken in connection with the fact that this crossing remained in the same condition from November, 1905, to October 23, 1906, so far as anything being done to the same by the company is concerned, establishes the fact that the railway company had constructed all the crossing it intended to. There was abundant evidence to go to the jury on the question of whether the railway company was negligent in the construction or in keeping in repair the crossing in question.

There is evidence in the record that the plaintiff had used this crossing in the fall of 1905, and also during the farming and threshing season of 1906. In 1906 he hauled between 1,400 and 1,500 bushels of wheat over it. The trial court submitted the question to the jury under proper instructions as to whether the crossing was so defective that a man of ordinary care and prudence would not have used the same, and the jury upon that issue found that it was not. There was beyond question sufficient evidence to sustain their finding. The plaintiff brought his action squarely upon his contract, which imposed the same duty upon the railway company, so far as plaintiff is concerned, as if a statute had required the railway company to do the same thing. Gulf, C. & S. F. R. Co. v. Washington, 49 Fed. 347, 1 C. C. A. 286 (Court of Appeals, 8th Circuit).

There being no merit in the errors assigned, the judgment is affirmed.